UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENDALL W. DAVIS,

                          Plaintiff,

v.                                     **DECISION AND ORDER**
                                                        11-CV-562S

AMERICAN OPTICAL CORPORATION,
AMERICAN OPTICAL CORPORATION
RETIREMENT PLAN ADMINISTRATIVE
COMMITTEE,

                          Defendants.

## I. INTRODUCTION

*Pro se* Plaintiff Kendall W. Davis brings a denial of retirement benefits claim against various Defendants alleging the improper denial of benefits for the full term of his employment. Over the course of a complaint, an amended complaint, and a second amended complaint, Plaintiff names as defendants American Optical Corporation (American Optical), the American Optical Corporation Retirement Plan Administrative Committee (the "Plan Committee" or "Committee"), M & R Industries ("M & R"), the American Optical Corporation Retirement Plan (the "Retirement Plan"), and Markin Tubing, Inc. ("Markin"). Presently before this Court is Defendant American Optical's August 1, 2011 Motion to Dismiss, American Optical and the Plan Committee's August 16, 2011 Motion to Dismiss, and American Optical, the Retirement Plan, M & R, and Markin's August 26, 2011 Motion to Dismiss. (Docket Nos. 3, 6, 11.)[1] Also before this Court are cross-motions by Plaintiff, discussed in greater detail below. (Docket Nos. 9, 22.) For the

---

[1] Defendants' motions correspond to Plaintiff's repeated amendments to his complaint. For the sake of clarity, this Court will refer to the various motions as Defendants' first, second, and third motions to dismiss, according to the date on which they were filed.

following reasons, Defendants' second motion to dismiss is granted, and Defendants' remaining motions are denied as moot. Plaintiff's motions are denied.[2]

At the outset this Court must clarify, what has become, a convoluted record by addressing two separate issues.

First, Plaintiff has filed two cross-motions for "judgment," dated August 22, 2011 and September 20, 2011. These motions each consist of a single sentence, and ask this Court to grant "cross motion judgment to Plaintiff." Despite its best efforts, this Court remains unclear under what rule of the Federal Rules of Civil Procedure Plaintiff brings his motions. This Court is inclined to interpret Plaintiff's motions as constituting motions for judgment on the pleadings, pursuant to Rule 12(c), recognizing, however, that Defendants' have not filed an answer in the underlying action, rendering Plaintiff's motions improper. See Fed. R. Civ. P. 12(c) (parties permitted to move for judgment on the pleadings after pleadings are closed, but before motion would delay trial). Accordingly, Plaintiff's motions will be dismissed, although this Court will interpret any accompanying memoranda as part of Plaintiff's general opposition to Defendants' motions to dismiss.

Second, although Plaintiff is entitled to amend his pleadings once as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiff has filed a second amended complaint removing certain parties, and adding new ones. Although a court should freely grant leave to amend "when justice so requires," Plaintiff has made no motion to file another amended complaint, nor has he received the opposing parties' written consent. Fed. R. Civ. P. 15(a)(2); L. R. Civ. P. 15(a). As a result, this Court will not

---

[2]In support of their various motions to dismiss, Defendants through their joint counsel, Gary F. Kotaska, filed a memorandum of law in support of each of the three motions to dismiss, along with an Affidavit of Allen Skott, with exhibits; the Attorney Affidavit of Gary F. Kotaska; a reply memorandum; and an Attorney Affidavit in Support, with exhibit. (Docket Nos. 3, 6, 11, 15.) In opposition, and in support of his own cross-motions for judgment, Plaintiff filed a series of responding memoranda, with exhibits; and multiple affidavits by Kendall W. Davis; (Docket Nos. 4, 8, 12, 18, 19, 20.)

consider the second amended complaint, but will read Defendants' various submissions as seeking dismissal of those claims contained in Plaintiff's prior amended complaint. See Davis v. N. N.Y. Sports Officials' Council, No. 7:09-CV-0514 (GTS/GHL), 2010 WL 3909688, at *3 n. 12 (N.D.N.Y. Sept. 30, 2010) (declining to consider new factual allegations where plaintiff failed to file motion to amend pleadings); L. R. Civ. P. 15(a).

## II.  BACKGROUND

### A.  Factual History

In adjudicating Defendants' motions to dismiss, this Court assumes the truth of the following factual allegations contained in Plaintiff's first amended complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).  Plaintiff was employed in March 1966 by Buffalo Metal Fabricating Corporation ("Buffalo Metal") as vice-president of sales.  (Am. Comp. ¶ 9, Aug. 8, 2011, Docket No. 5.)  Buffalo Metal was purchased by Markin, a part of M & R and American Optical, in October 1984.  (Am. Comp. ¶ 10.)  Buffalo Metals was then merged into Markin in July 1987.  (Am. Comp., Ex. A.)

At an organization meeting in October 1984, Plaintiff was allegedly guaranteed by Buffalo Metal's president, Nick Moroczko, Markin's president, Bart Dambra, and John Furlige, the two companies' controller, that he would receive credit for benefits dating back to 1966, the year he first began working for Buffalo Metal.  (Am. Comp. ¶ 22.)  Dambra also gave Plaintiff a fourth week of vacation time in March 1986, in accordance with the 20th anniversary of Plaintiff's employment.  (Am. Comp. ¶ 23.)

Plaintiff's employment was terminated in February 1989.  (Am. Comp. ¶ 20.)  Plaintiff intended to file for retirement in 2011, but his request for benefits was denied by

Defendants. (Am. Comp. ¶ 4.) He appealed the decision to the Plan Committee, but his appeal was denied on January 28, 2011. (Am. Comp., Ex. A.)[3]

## B. Procedural History

Plaintiff commenced this action on July 5, 2011, by filing a Complaint in the United States District Court for the Western District of New York. American Optical filed a motion to dismiss on August 1, 2011. Plaintiff then amended his complaint, adding the Plan Committee as a defendant. American Optical and the Committee then filed a second motion to dismiss on August 16, 2011. The first of what this Court has interpreted as a cross-motion for judgment on the pleadings was filed by Plaintiff on August 22, 2011, along with a second amended complaint. In response, Defendants filed a third motion to dismiss. Plaintiff filed a second cross-motion for judgment on the pleadings on September 20, 2011.

## III. DISCUSSION AND ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87,

---

[3]Claimants who receive an adverse decision by the Retirement Plan, are permitted to appeal their claim to the Plan Committee. (Am. Comp., Ex. A.)

98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

As noted above, all well-pleaded factual allegations contained in the complaint are assumed true and construed in the non-moving party's favor. See Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). If a plaintiff does not attach or incorporate by reference documents that are integral to the complaint, the court may consider those documents without converting the motion to one seeking summary judgment. See Int'l Audiotext Network, Inc. v. AT & T, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

Although Plaintiff did not attach a copy of his retirement plan ("the Plan") to his

amended complaint, he references the Plan therein, and it is clearly essential to this Court's analysis. (Am. Comp. ¶¶ 14, 17.) Further, Plaintiff has provided the Plan Committee's appeal denial, which extensively quotes from relevant Plan provisions, and to which his amended complaint refers. Additionally, Defendants have attached what they believe is the controlling Plan document to the Affidavit of Allen Skott. (Skott Aff., Ex. 1, Docket Nos. 3-2, 3-3.) Armed with these submissions, this Court can consider the substantive provisions of the Plan on Defendants' motions to dismiss, and Plaintiff's cross-motions for judgment. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191-93 (2d Cir. 2007) (considering ERISA plan documents on motion to dismiss).[4]

## B.  Defendants' First Motion to Dismiss

Plaintiff's original complaint named American Optical as the sole defendant. After American Optical moved to dismiss the complaint, Plaintiff filed an amended complaint. In filing an amended complaint, Plaintiff voided his original complaint. See Dluhos v. Floating & Abandoned Vessel Known as "New York", 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."). Finding the amended complaint to constitute a response to the first motion to dismiss, this Court will deny that motion as moot, and will proceed to consider the amended complaint, and Defendants' second motion to dismiss. See Nelson v. Lantz, No. 3:05CV273(SRU)(WIG), 2006 WL 905355, at *2 (D. Conn. Apr. 9, 2006) (denying defendants' motion to dismiss original complaint as moot where plaintiff filed amended complaint).

---

[4] As a *pro se* litigant, Plaintiff is entitled to broad consideration of his submissions. Federal courts routinely read *pro se* submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This court has considered Plaintiff's submissions accordingly.

-6-

**C.     Defendants' Second Motion to Dismiss**

In his amended complaint, Plaintiff concedes that his claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Comp. ¶ 25.) Pursuant to ERISA, Plaintiff seeks injunctive relief ordering Defendants to pay him retirement benefits in accordance with those of an employee with 22 years and 11 months of service.[5] Although Plaintiff does not specify a particular ERISA provision, this Court interprets his demand as falling under 29 U.S.C. § 1132(a)(1)(B), which permits a participant or beneficiary of an employee benefit plan to commence a civil lawsuit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Defendants first argue that American Optical is not a proper defendant in this action. A claim for benefits under § 1132(a)(1)(B) may only be brought "against a covered plan, its administrators or its trustees." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 108 n.2 (2d. Cir. 2008). "The Second Circuit has held that a claim for recovery of benefits under § 1132(A)(1)(B) is barred by a plaintiff's failure to name the right defendant." Mott v. IBM, No. CV10-4933 (JFB)(WDW), 2011 WL 3846523, at *2 (E.D.N.Y. Aug. 9, 2011). Thus, to the extent Plaintiff brings suit against any defendants in a capacity other than that of administrator or trustee, including in a corporate or individual capacity, Plaintiff's § 1132(a)(1)(B) claim must be dismissed. See Leonelli v. Pennwalt Corp., 887 F.2d 1195,

---

[5]Plaintiff further seeks compensatory damages in the amount of $300,000 for mental anguish and emotional distress, as well as unspecified "compensatory, special and punitive damages." Such relief is not available under ERISA. Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985) ("Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims.").

Plaintiff also includes in his amended complaint a jury demand. However, "there is no right to a jury trial in a suit brought to recover ERISA benefits." See, e.g., Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 568 (2d Cir. 1998).

1199 (2d Cir. 1989) ("[O]nly the plan and the administrators and trustees of the plan in their capacity as such may be held liable."). The Plan identifies, as plan administrator, the Plan Committee. (Ex. 1, Docket No. 3-1; Defs.' Second Mot. to Dismiss, p. 4 n. 2, Docket No. 6-1.) American Optical, although the corporate entity to have acquired Plaintiff's previous employer, Buffalo Metal, is not subject to suit under ERISA because Plaintiff has not shown that it is a plan administrator or trustee. This makes dismissal of Plaintiff's claim against American Optical proper. See Moore v. Fox Chevrolet, Oldsmobile, Cadillac, Inc., No. 5:06-CV-42(FJS/GJD), 2007 WL 925721, at *3 (N.D.N.Y. Mar. 26, 2007) (granting motion for summary judgment on § 1132(a)(1)(B) claim against employer where employer designated other entity as plan administrator in plan document).

As to the Plan Committee, Defendants argue that Plaintiff has failed to state a claim for retirement benefits. Plaintiff responds that his years of service at Buffalo Metal starting in March 1966 are grandfathered into his retirement benefits and confer on him a non-forfeitable right under the Plan.[6]

Section 5.1 of the Plan states that:

> [A] Participant shall have a non-forfeitable right to Accrued Retirement Income provided he has completed ten (10) or more Years of Service. For purposes of this Section 5.1, a Participant shall be credited with a number of Years of Service equal to the number of whole years of his Period of Service, whether or not such Periods of Service were completed consecutively.

Section 1.27 clarifies that:

---

[6] As already discussed, Plaintiff has not provided this Court with a copy of the Plan. Instead, Plaintiff repeatedly attaches to his submissions the Plan Committee's decision, dated January 28, 2011, denying credit for years of service prior to October 1984. Defendants have submitted a copy of the Plan, but it dates from April 1, 2007, and thus its articles do not match up with those identified by Plaintiff. However, Defendants do not challenge the validity of the provisions Plaintiff relies on as quoted in the Committee's decision, but instead argue that those provisions are insufficient to sustain his claim. Accordingly, this Court will look to the language of the provisions as relied upon by Plaintiff, and as quoted in the Committee's decision.

> For purposes of determining an Employee's eligibility to participate in the Plan and vesting of benefits, "Period of Service" shall also include periods of service with a company theretofore or hereafter merged or consolidated or otherwise absorbed by an Employer, or all or a substantial part of the assets or business of which have been or shall be acquired by an Employer (hereinafter, "Predecessor Company"):
>
> > (1) if, and to the extent, such employment with the Predecessor Company is required to be treated as employment with the Employer under the regulations prescribed by the Secretary of the Treasury; or
> >
> > (2) if, and to the extent, granted by the Board of Directors of the Employer in its sole discretion effected on a non-discriminatory basis as to all persons similarly situated.

Reviewing the amended complaint, it is clear that Plaintiff relies on these two provisions in advancing his claim. What is less clear is how the facts alleged comport with these provisions. Looking past Plaintiff's many conclusory statements, he appears to essentially argue that the consent of the Board of Directors was given when they acquired Buffalo Metals, that representations were made to him that his rights would be vested from 1966 onwards, and that this is substantiated by the fact that he received vacation time commensurate with that of other employees with 20 years' service.

As an initial matter, Plaintiff's first argument, that the acquisition of Buffalo Metals satisfies the requirements under section 1.27(2), is without merit. That section states that employees' periods of service with absorbed or merged companies would only count if required by federal regulation or if granted by the Board of Directors. By Plaintiff's logic, section 1.27 would be met anytime a company was absorbed, completely obviating the need for the subsection. There would be little point in including a provision allowing the Board of Directors to exercise their discretion, if the section read to assume that discretion had been exercised anytime a company was merged, consolidated, or absorbed. See Aramony v. United Way of Am., 254 F.3d 403, 412 (2d Cir. 2001) (courts applying ERISA

principles interpret and enforce unambiguous language in plan according to plain meaning).

Plaintiff is no more helped by reading the amended complaint as a challenge to the Committee's decision denying him benefits. "[P]lans investing the administrator with broad discretionary authority to determine eligibility are reviewed under the arbitrary and capricious standard. Celardo v. GNY Auto. Dealers Health & Welfare Trust, 318 F.3d 142, 145 (2d Cir. 2003). Here, Plaintiff has provided no reason why the Committee's decision was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995). The Committee interpreted the Plan's provisions, as this Court has, and correctly determined that they did not support Plaintiff's claim.

Plaintiff's remaining arguments fare no better. At the October meeting, Buffalo Metal's and Markin's presidents and controller, allegedly guaranteed Plaintiff that he would receive benefits dating back to 1966. But Plaintiff nowhere alleges that the Board of Directors consisted of just these individuals or that this act constituted the necessary exercise of discretion. Indeed, the Committee noted that the Board of Directors had not granted his request. Similarly, the fact that Plaintiff may have received vacation benefits in line with those of other senior employees, does not constitute an exercise of discretion by the Board of Directors.

Reading the pleadings to raise the strongest argument possible, Plaintiff's benefits claim should actually be based on a theory of promissory estoppel because he alleges that Defendants made representations to him, and that these representations should bind them. To make out a claim for promissory estoppel under ERISA, Plaintiff must prove "(1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced," as well as (5) "extraordinary circumstances."

Paneccasio, 532 F.3d at 109 (quoting Aramony v. United Way Replacement Benefit Plan, 191 F.3d 140, 151 (2d Cir. 1999)).  Even if read generously, the amended complaint falters at the very first element because oral evidence cannot support an ERISA promissory estoppel claim absent written language reasonably interpreted as a promise.  See Perreca v. Gluck, 295 F.3d 215, 225 (2d Cir. 2002).

Assuming, for the sake of argument, that Plaintiff could present such a writing, and that his denial of benefits was the result of relying on Defendants' representations, Plaintiff still has not alleged facts sufficient to support a finding of extraordinary circumstances. See Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 86 (2d Cir. 2001).  To meet the extraordinary circumstances requirement, Plaintiff must allege facts showing "that the employer used the promise to intentionally induce a particular behavior on the plaintiff's part only to renege on that promise after inducing the sought after behavior." Peters v. Windham Cmty. Mem'l Hosp., Inc., 803 F. Supp. 2d 96, 105 (D. Conn. 2011) (quoting Devlin v. Transp. Commc'n Int'l Union, 173 F.3d 94, 102 (2d Cir. 1999)).  The amended complaint does not allege that the sale of Buffalo Metals would not have occurred but for Plaintiff's consent, procured only by the promise that benefits would vest back to 1966. Nor has Plaintiff alleged that he only agreed to retire at Defendants' behest because the latter promised him full retirement benefits.  See Aramony, 191 F.3d at 152 (extraordinary circumstances not present where "[n]othing . . . suggest[ed] that [defendant] made a promise to [plaintiff] in order to induce him to take action for [defendant]'s benefit only later to renege on that promise").

Having concluded that the plain language of the Plan does not support Plaintiff's benefits claim, and that the amended complaint does not allege the existence of a written promise or the presence of extraordinary circumstances, Plaintiff's claims against the Plan Committee must also be dismissed.

**D.    Defendants' Third Motion to Dismiss**

This Court has resolved Defendants' second motion to dismiss as against Plaintiff's amended complaint. Plaintiff also filed, without leave from this Court, or Defendants' consent, a second amended complaint. This complaint drops the Plan Committee as a party, but adds M & R, Markin, and the Retirement Plan. Aside from juggling defendants, the second amended complaint in no way changes the substantive allegations already discussed. For the same reason, this second amended complaint would face dismissal even were it properly filed.[7] Because Plaintiff's second amended complaint is not properly before this Court, and having found that Defendants' second motion to dismiss should be granted, Defendants' third motion to dismiss will be denied as moot.

**E.    Plaintiff's Cross-Motions for Judgment**

As already discussed, this Court interprets both of Plaintiff's generic "Cross Motion for Judgment" as motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard by which to decide a 12(c) motion is the same as for a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). Thus, this Court would accept as true all factual allegations in the non-moving party's pleadings, and draw all reasonable inferences in favor of the party opposing the motion. See id. (quoting Hayden

---

[7]Plaintiff may also have rendered insufficient service on the newly added Defendants. Plaintiff served the second amended complaint on Kotaska, Defendants' attorney. (Docket No. 12.) It is unclear, however, whether, at the time of service, the three new defendants were represented by Kotaska. (Defs.' Reply Mem. 3, Docket No. 15.) Service of process in an ERISA action is proper where it is served on a trustee or administrator of an employee benefit plan in his capacity as such, or otherwise complies with Rule 4 of the Federal Rules of Civil Procedure. See Aronoff v. Service Employees Local 32-BJ AFL-CIO, No. 02 Civ. 5386(LMM), 2003 WL 1900832, at *1 (S.D.N.Y. Apr. 16, 2003) (interpreting ERISA statute permissively to also allow service pursuant to Fed. R. Civ. P. 4(e)); Barry v. Carestream Health, Inc. Welfare Benefit Plan, 752 F. Supp. 2d 318, 320 (W.D.N.Y. Oct. 14, 2010) (adopting reasoning in Aronoff). This Court does not reach the matter of sufficiency of process, having already concluded that Plaintiff's claim faces dismissal on other grounds.

v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)).

Here, the pleadings have not closed because Defendants have not filed an answer. See Conestoga Title Ins. Co. v. ABM Title Servs., Inc., No. 10 Civ. 3017(CM)(FM), 2011 WL 651893, at *1 (S.D.N.Y. Feb. 17, 2011) (noting that filing of answer without counterclaims closes pleadings).  Although dismissal of Plaintiff's motions is warranted on this ground, this Court further notes that, even assuming the truth of the amended complaint's factual allegations under Defendants' Rule 12(b)(6) motions, Plaintiff has not made out a claim for ERISA benefits.  Accordingly, both Plaintiff's cross-motions for judgment will be denied.

### IV. CONCLUSION

For the foregoing reasons, Defendants' second motion to dismiss is granted. Defendants' first and third motions to dismiss are denied as moot.  Plaintiff's two cross-motions for judgment are denied.

### V. ORDERS

IT HEREBY IS ORDERED, that Defendants' second Motion to Dismiss (Docket No. 6) is GRANTED.

FURTHER, that Defendants' first (Docket No. 3) and third (Docket No. 11) Motions to Dismiss are DENIED as MOOT.

FURTHER, that Plaintiff's first (Docket No. 9) and second (Docket No. 22) Cross-Motions for Judgment are DENIED.

-14-

FURTHER, that the Clerk of the Court is directed to close this case.


SO ORDERED.

Dated: February 20, 2012
      Buffalo, New York

                                                  <u>/s/William M. Skretny</u>
                                                  WILLIAM M. SKRETNY
                                                        Chief Judge
                                          United States District Court